FILED
2013 Dec-18  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONUT JOE'S, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:13-CV-1578-VEH** |
| | ) | |
| **BEIERSDOERFER, WERNER, et al,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

There are three motions before the court. Three defendants – Werner Beiersdoerfer, Michael Kenneth Flowers, and Interveston Food Services, LLC (Interveston) – have filed a Motion to Dismiss the plaintiff's fraud claim against them. Doc. 8. The remaining defendants – Brock and Kimberly Beiersdoerfer – have filed a Motion to Dismiss all of the plaintiff's claims against them. Doc. 10. Finally, the plaintiff (Donut Joe's) has filed a Motion to Dismiss the counterclaims asserted by Werner Beiersdoerfer, Mr. Flowers, and Interveston. Doc. 14. After considering these motions, the referenced pleadings, and the accompanying memoranda, the court finds that it lacks supplemental jurisdiction over the state-law claims in this action.

The court will thus **DISMISS WITHOUT PREJUDICE** any and all such claims filed by the respective parties. Accordingly, the court will **TERM AS MOOT** the competing Motions to Dismiss in this case.

### STATEMENT OF THE CASE

Donut Joe's commenced this action by filing a Complaint with this court on August 27, 2013. Doc. 1. Although the Complaint does not lay out formal counts, the document variably alleges the following:

- Werner Beiersdoerfer and Mr. Flowers unlawfully infringed on the plaintiff's registered trademark by opening a competing "Donut Chef" establishment and adopting a donut character as its logo.

- Werner Beiersdoerfer and Mr. Flowers's ownership and operation of the Donut Chef establishment – through their company, Interveston – amounted (and continually amounts) to unfair competition.

- Werner Beiersdoerfer and Mr. Flowers's ownership and operation of Donut Chef violated the "Confidentiality and Non-disclosure Agreement" (the Confidentiality Agreement) signed between Mr. Beiersdoerfer, Mr. Flowers, and Richard Byrd, the President of Donut Joe's, on November 12, 2010.

- After signing the Confidentiality Agreement, Werner Beiersdoerfer illicitly provided confidential information obtained through his relationship with Donut Joe's to his son and daughter-in-law, Brock and Kimberly Beiersdoerfer.

- Brock and Kimberly Beiersdoerfer later opened their own retail donut establishment, Heavenly Donut Co. (Heavenly Donut), offering goods and services nearly identical to both Donut Joe's and Donut Chef.

2

•     Brock and Kimberly Beiersdoerfer are currently using illegally-obtained information to unfairly compete with Donut Joe's.

•     Werner Beiersdoerfer intentionally induced Donut Joe's to provide him confidential information under the guise of the Confidentiality Agreement. He never intended to obey the Agreement terms and instead unlawfully used the confidential information therein to open his own retail donut business and to aid his son and daughter-in-law to do the same.

Doc. 1 at 2-4.

    Werner Beiersdoerfer, Mr. Flowers, and Interveston answered the Complaint on September 27, 2013. Doc. 7. The Answer generally denied Donut Joe's material allegations and raised several affirmative defenses. *Id.* at 2-8. Attached to the Answer was a counterclaim charging Donut Joe's with breach of contract and fraud. *Id.* at 8-17. Werner Beiersdoerfer, Mr. Flowers, and Interveston claimed that Donut Joe's breached a Letter of Understanding signed between them and Mr. Byrd on February 25, 2011. *Id.* at 13-14. They asserted that Donut Joe's did so by refusing to honor these defendants' alleged exclusive rights to develop Donut Joe's shops in Alabama (excluding certain cities).[1] *Id.* These defendants also alleged that Mr. Byrd fraudulently induced them into signing the Letter by intentionally making false oral representations promising them exclusive Alabama rights. *Id.* at 14-16.

---

[1]Donut Joe's argues that no exclusive rights were given. This court takes no position, given its finding that it lacks supplemental jurisdiction over any of the state law claims asserted by any party.

Werner Beiersdoerfer, Mr. Flowers, and Interveston also filed their Motion to Dismiss on September 27, 2013. Doc. 8. On that day, Brock and Kimberly Beiersdoerfer filed their Motion to Dismiss. Doc. 10. On October 11, 2013, Donut Joe's filed the following documents:

- An Answer to the defendants' counterclaim;

- Responses to the two Motions to Dismiss; and

- A Motion to Dismiss the counterclaims.

Docs. 11-14. On October 18, 2013, the defendants separately replied to the plaintiff's Responses. Docs. 16-17. On October 25, 2013, Werner Beiersdoerfer, Mr. Flowers, and Interveston filed a response to the plaintiff's Motion to Dismiss. Doc. 18. Donut Joe's replied on November 1, 2013. Doc. 19. On November 8, 2013, with the court's permission, Werner Beiersdoerfer, Mr. Flowers, and Interveston filed a surreply. Doc. 21.

## STANDARD OF REVIEW

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has

4

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*").  That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). When ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## DISCUSSION

Before the court may examine the sufficiency of any claims in this case, however, it must first satisfy itself that it has subject matter jurisdiction over each and every one of them. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th

Cir. 2000) ("[A] federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking.") (citation omitted). The court finds that it lacks jurisdiction over the state-law claims marshaled by both sides in this action. Donut Joe's – on the one hand – and Werner Beiersdoerfer, Mr. Flowers, and Interveston  – on the other – respectively allege fraud and breach of contract claims against each other. However, these claims are legally and factually distinct from the plaintiff's federal claims – over which the court clearly has subject matter jurisdiction. Because of this fact, the court may not exercise supplemental jurisdiction over the state claims, and they must be dismissed. This dismissal moots the competing Motions currently before the court.

## I.     The Court Lacks Supplemental Jurisdiction Over the Plaintiff's State-Law Claims.

In its Complaint, Donut Joe's asserts claims for trademark infringement, unfair competition, breach of contract, and fraud. *See* Doc. 1. It correctly maintains that this court has original jurisdiction over its trademark infringement and unfair competition claims. *Id.* at 1 (citing 28 U.S.C. §§ 1338(a)-(b)). Donut Joe's then argues that this court has supplemental jurisdiction over the other asserted claims because they all "arise out of the same transaction or occurrence." *Id.* This is incorrect. 28 U.S.C. § 1367(a) provides federal district courts with supplemental jurisdiction "over all other

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* In deciding whether a state law claim is part of the "same case or controversy" as a federal issue, this court must "look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

The connection between the plaintiff's federal and state-law claims does not meet this standard. First, the evidence required to establish the respective claims is markedly different. Trademarks are "any word, name, symbol, or device, or any combination thereof [used] to identify and distinguish [one's] goods . . . from those manufactured or sold by others and to indicate the source of the goods . . ." 15 U.S.C. § 1127. Because Donut Joe's alleges infringement of a federally-registered trademark, Doc. 1 at 1, the claim is covered by § 32(a) of the Lanham Act. *Tana v. Dantanna's*, 611 F.3d 767, 773 n.5 (11th Cir. 2010) (citing 15 U.S.C. § 1114(1)). Section 32(a) creates a federal cause of action for unfair competition by prohibiting the unauthorized use in interstate commerce of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which

7

such use is likely to cause confusion, or to cause mistake, or to deceive . . ." 15 U.S.C. § 1114(1). "[T]he critical question in most actions under [this provision] is whether there is a likelihood of confusion, mistake, or deception between the registered mark and the allegedly infringing mark." *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983) (citation and footnote omitted). Courts examining § 32(a) claims must consider several factors, including "the type of trademark, the similarity of design, the similarity of the product, the identity of retail outlets and purchasers, the similarity of advertising media used, defendant's intent, and actual confusion." *Id.* (quoting *Exxon Corp. v. Texas Motor Exch., Inc.*, 628 F.2d 500, 504 (5th Cir. 1980)).

These considerations differ significantly from those involved in fraud or breach of contract claims. Under Alabama law, a plaintiff must prove the following elements to establish fraud:

- a false representation;

- of a material existing fact;

- reasonably relied upon by the plaintiff;

- who suffered damage as a proximate consequence of the misrepresentation.

*Mantiply v. Mantiply*, 951 So. 2d 638, 653 (Ala. 2006) (quoting *Waddell & Reed, Inc.*

*v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1160 (Ala. 2003)). Conversely, a plaintiff claiming breach of contract must show the following elements:

- the existence of a valid contract between the plaintiff and the defendant;

- the plaintiff's performance under the contract;

- the defendant's nonperformance; and

- damage to the plaintiff.

*Capmark Bank v. RGR, LLC*, 81 So. 3d 1258, 1267 (Ala. 2011) (citing *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)). Evaluating these state-law claims, then, will require noticeably different evidence and different analysis from that needed to examine federal trademark infringement and unlawful competition arising out of that infringement.

Donut Joe's also has not shown a sufficient factual nexus between the federal and state claims. The fraud and contract breach claims arise out of the Confidentiality Agreement signed between Mr. Byrd, Werner Beiersdoerfer, and Mr. Flowers on November 12, 2010. *See* Doc. 1 at 2-4. Donut Joe's argues that these defendants breached the Agreement in the following respects:

- by opening a competing donut establishment before the termination of the five-year maximum term in the Agreement; and

- by disclosing confidential information to Brock and Kimberly Beiersdoerfer.

9

*Id.* Donut Joe's further asserts that these defendants fraudulently induced it to sign the agreement with these unlawful purposes in mind. *Id.* at 4.

On the other hand, Donut Joe's argues that Werner Beiersdoerfer and Mr. Flowers unlawfully infringed on its registered trademark by using the name "Donut Chef" for its competing donut establishment and by adopting a donut character as its logo that was a "colorable imitation" of the one created by Donut Joe's. *Id.* at 3. According to Donut Joe's, these defendants unfairly competed with it by deploying these unlawful trademarks and by "marketing products and services almost identical to [Donut Joe's], using similar vendors, marketing, and locations." *Id.* at 2-4.

The relationship between these federal and state-law claims does not trigger supplemental jurisdiction. The alleged breach of the Confidentiality Agreement – and the alleged fraud underlying it – involved events and occurrences that were separate and distinct from the later alleged trademark infringement and unfair competition. They also involved different interested parties – the contract breach claim involves Brock and Kimberly Beiersdoerfer, whereas the federal claims do not. The fact that all the claims somehow concern Donut Joe's, on the one hand, and Donut Chef, on the other, is not sufficient. 28 U.S.C. § 1367(a) mandates a greater proximity than that found here.

**II.     The Court Also Does Not Have Supplemental Jurisdiction Over the Defendants' Counterclaims**.

The court also lacks supplemental jurisdiction over the state-law counterclaims asserted by Werner Beiersdoerfer, Mr. Flowers, and Interveston. In its Counterclaim, these defendants claim that Donut Joe's breached a Letter of Understanding signed between them and Mr. Byrd on February 25, 2011. Doc. 7 at 13-14. Donut Joe's allegedly did so by refusing to honor the (allegedly) exclusive development rights it promised them in the Letter. *Id.* Werner Beiersdoerer, Mr. Flowers, and Interveston also allege that Mr. Byrd fraudulently induced them into signing the Letter by intentionally making false oral representations promising them such exclusive development rights. *Id.* at 14-16. Finally, they argue that this court has supplemental jurisdiction over these counterclaims under 28 U.S.C § 1367 because the claims arise "out of the same transaction or occurrence that is the subject-matter of the Complaint." *Id.* at 9.

This is incorrect for reasons similar to those outlined above. The defendants' fraud and contract breach counterclaims are legally distinct from the plaintiff's trademark infringement and unlawful competition claims. Moreover, the defendants' counterclaims arise out of an alleged agreement that is factually separate from the events surrounding the plaintiff's federal allegations. The only factor the claims share

in common is – once again – that they all somehow involve two competing businesses – Donut Joe's and Donut Chef. This connection "does not provide a sufficient nexus between the federal and state causes to support supplemental jurisdiction." *Hudson*, 90 F.3d at 456.

## CONCLUSION

For the foregoing reasons, the court hereby **DISMISSES WITHOUT PREJUDICE** the state-law claims filed by Donut Joe's and the state-law counterclaims filed by Werner Beiersdoerfer, Michael Kenneth Flowers, and Interveston Food Services, LLC. Further, the court accordingly **TERMS AS MOOT** the Motions to Dismiss filed by:

- Mr. Beiersdoerfer, Mr. Flowers, and Interveston;

- Brock and Kimberly Beiersdoerfer; and

- Donut Joe's.

There being no remaining claims against Brock and Kimberly Beiersdoerfer, the Clerk is **DIRECTED** to show them as dismissed from this action.

**DONE** this the 18th day of December, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

12