# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONUT JOE'S, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:13-CV-1578-VEH |
| ) | |
| **BEIERSDOERFER, WERNER, et al,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

There are three defendants remaining in this case: Interveston Food Services, LLC; Werner Beiersdoerfer; and Michael Kenneth Flowers. The latter two are members of Interveston or otherwise claim an ownership interest in the company. The plaintiff – Donut Joe's – claims in its Amended Complaint that all three defendants unlawfully infringed its trademark and unfairly competed with it. Mr. Beiersdoerfer and Mr. Flowers have filed a Motion To Dismiss. They argue that Donut Joe's may not make these allegations against them in their individual capacities. In response, Donut Joe's contends that it has plausibly alleged that they committed contributory trademark infringement – a claim that may be potentially maintained against

individual members of a limited liability company. The defendants reply that Donut Joe's has not pled this claim with the requisite specificity. The court agrees that the Eleventh Circuit requires greater rigor in pleading contributory infringement than Donut Joe's exhibited in its Amended Complaint. Because the court already – and explicitly – provided Donut Joe's with an opportunity to rectify this shortcoming, the court will **GRANT** the individual defendants' Motion To Dismiss.

## STANDARD OF REVIEW

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly (Twombly)*, 550 U.S. 544, 570 (2007).[1]

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, the complaint must include enough facts "to raise

---

[1] Donut Joe's misstates the standard of review in its Response. It states, "A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief." Doc. 39 at 2 (citations omitted). The Supreme Court in *Twombly* discounted this "no set of facts" language as an inaccurate rendition of Rule 8 pleading requirements. 550 U.S. at 560-563. The Court instead substituted the plausibility standard outlined in this section as the proper measure in this arena.

a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

### STATEMENT OF THE CASE

Donut Joe's commenced this action by filing a Complaint with this court on August 27, 2013. Doc. 1. The Complaint alleged federal and state-law claims against Werner Beiersdoerfer; Mr. Flowers; Donut Chef; Brock Beiersdoerfer; Heavenly Donut Co.; and Kimberly Beiersdoerfer. Three defendants – Werner Beiersdoerfer, Mr. Flowers, and Interveston – answered the Complaint on September 27, 2013. Doc. 7. Attached to their Answer was a counterclaim charging Donut Joe's with breach of contract and fraud. *Id.* at 8-17. Along with their Answer, these three defendants filed

a Motion To Dismiss. Doc. 8. On that same day, Brock and Kimberly Beiersdoerfer separately filed a Motion To Dismiss. Doc. 10. On October 11, 2013, Donut Joe's filed the following documents:

- An Answer to the defendants' counterclaims;
- Responses to the two Motions To Dismiss; and
- A Motion To Dismiss the counterclaims.

Docs. 11-14. On October 18, 2013, the defendants separately replied to the plaintiff's Responses. Docs. 16-17. On October 25, 2013, Werner Beiersdoerfer, Mr. Flowers, and Interveston filed a Response to the plaintiff's Motion To Dismiss. Doc. 18. Donut Joe's replied on November 1, 2013. Doc. 19. On November 8, 2013, with the court's permission, Werner Beiersdoerfer, Mr. Flowers, and Interveston filed a surreply. Doc. 21.

On December 18, 2013, the court issued a Memorandum Opinion concluding that it lacked supplemental jurisdiction over the competing state-law claims made by the respective parties against each other. Doc. 27. The court accordingly dismissed without prejudice the state-law claims filed by Donut Joe's and the state-law counterclaims filed by Werner Beiersdoerfer, Mr. Flowers, and Interveston. *Id.* at 12. This action mooted the rival Motions To Dismiss then before the court. *Id.*

On the same date, the court entered a Show Cause Order asking Donut Joe's

to remedy certain deficiencies in its Complaint. Doc. 28. The court particularly noted that the Complaint did not formally name Interveston as a party. *Id.* at 1. It therefore asked Donut Joe's to explain:

- why the case should not be dismissed for failure to join a necessary party under Federal Rule of Civil Procedure 19; and

- why it was pursuing federal trademark infringement claims against individual members of a limited liability company rather than against the company exclusively.

*Id.* at 1-2. In lieu of requiring a filing directly answering these questions, the court provided Donut Joe's with the alternative option of filing an Amended Complaint addressing these concerns. *Id.* at 2.

Donut Joe's exercised this option by filing an Amended Complaint on January 1, 2014. Doc. 29. On January 13, 2014, the court entered a Show Cause Order requiring Donut Joe's to explain why Heavenly Donut Company should not be dismissed as a party to the action. Doc. 30. On January 15, 2014, Interveston filed its Answer to the Amended Complaint, and Werner Beiersdoerfer and Mr. Flowers filed the present Motion To Dismiss. Docs. 32, 33. On the same day, Donut Joe's asked the court to voluntarily dismiss Brock Beiersdoerfer from the action. Doc. 31. The court dismissed Brock Beiersdoerfer as a party on January 17, 2014. On January 28, 2014, Donut Joe's responded in opposition to the present Motion To Dismiss. Doc. 39. The

court dismissed Heavenly Donut Company as a party the next day. Doc. 40. On February 4, 2014, Werner Beiersdoerfer and Mr. Flowers replied to Donut Joe's responsive opposition. Doc. 41.

## DISCUSSION

**I.   The Eleventh Circuit Has Recognized "Contributory Trademark Infringement" As a Viable Claim Under the Lanham Act.**

In their Motion To Dismiss, Mr. Beiersdoerfer and Mr. Flowers argue that Donut Joe's did not sufficiently plead allegations that would allow it to "pierce the corporate veil," such that it could hold them individually liable for the actions of Interveston. Doc. 33 ¶¶ 7-12. In response, Donut Joe's essentially concedes this point. It maintains, however, that it does not seek to hold Mr. Beiersdoerfer and Mr. Flowers liable on this basis. Doc. 39 at 3-4. Instead, Donut Joe's claims that its Complaint articulates an allegation of contributory trademark infringement against them. *Id.* at 8. Citing Eleventh Circuit authority, Donut Joe's states that "individuals who participate in infringing activities may be held personally liable for trademark infringement." *Id.* at 6. It also notes that this example includes corporate officers in situations where "the officer is actively involved in the alleged infringing activities, the company is a closely held corporation, and the individual involved is the principal shareholder, officer, and/or director of the corporation." *Id.* at 5.

Donut Joe's is right that the Eleventh Circuit recognizes a claim of contributory trademark infringement. "[L]iability for trademark infringement can extend beyond those entities that actually perform the acts of infringement." *Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1522 (11th Cir. 1992) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 853-54 (1982)). "To be liable for contributory trademark infringement, a defendant must have intentionally induced another to infringe a trademark." *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) (internal alteration omitted) (quoting 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 25:18 at 25-54 (4th ed. 2012)). "Any liability for contributory infringement will necessarily depend upon whether or not the contributing party intended to participate in the infringement or actually knew about the infringing activities." *Id.* (internal alteration omitted) (citing *Mini Maid*, 967 F.2d at 1522).

Put more specifically, "a contributory infringement claim requires, at a minimum, both an allegation of direct infringement by a third party, and an allegation of an intentional or knowing contribution to that infringement by the defendant." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc. (Optimum Technologies)*, 496 F.3d 1231, 1245 (11th Cir. 2007) (citations omitted). "[A]bsent some allegation of a 'contribution' to a direct trademark infringement or of a 'knowing participation'

7

in a direct trademark infringement, [courts] will not construe a claim for direct trademark infringement under 15 U.S.C. § 1114(1) as being one for contributory trademark infringement." *Id.* at 1246 (internal citation and footnote omitted).

## II. The Amended Complaint Inadequately Pleads Contributory Trademark Infringement.

This two-part pleading standard from *Optimum Technologies* governs in the current action. Donut Joe's Amended Complaint fails to meet the standard. An immediate problem is that the Amended Complaint does not lay out formal counts. This is an odd omission that frustrates the court's ability to discern what claims Donut Joe's is precisely making against the defendants. Nevertheless, the Amended Complaint clearly describes "an allegation of direct infringement by a third party." *Optimum Technologies*, 496 F.3d at 1245. It asserts the following:

- "Defendants own and manage the 'Donut Chef' establishment, marketing products and services almost identical to Plaintiff, using similar vendors, marketing, and locations."

- "Defendants adopted the name 'Donut Chef' with a donut character as its logo as a trademark for its products, with full knowledge of the prior and extensive use by Plaintiff of the trademark 'Donut Joe's' with the Donut Logo."

- "As a result of defendants' use on its goods of the colorable imitation, 'Donut Chef' with the donut character logo with Plaintiff's registered trade mark [sic], 'Donut Joe's' with the Donut Logo, defendants are enabled to and do deceive the public into thinking that they are the same establishment."

- "The name 'Donut Chef' is a colorable imitation of Plaintiff's registered trademark 'Donut Joe's' and describes the function and design of the Donut Logo and is an infringement."

- "Defendants' design mark donut character is a colorable imitation of Plaintiff's registered trademark Donut Logo, and is an infringement."

Doc. 29 ¶¶ 21-24, 27. These claims describe a plausible allegation of trademark infringement because the stated facts, if true, permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Amended Complaint thus meets the first pleading requirement established by *Optimum Technologies*.

But, the Amended Complaint does <u>not</u> allege "intentional or knowing contribution" to that infringement by Mr. Beiersdoerfer or Mr. Flowers. Nor does it otherwise claim that either of these individual defendants knowingly participated in the infringement. In fact, the Amended Complaint does not make <u>any</u> specific allegations about their individual conduct whatsoever. The Amended Complaint uniformly refers to "the Defendants" in their collective capacity. Donut Joe's claims it used this designation for the sake of "ease of reference." Doc. 39 at 7 n.1. According to Donut Joe's, "every allegation relating to the 'Defendants' [sic] conduct in the Complaint constitutes an allegation relating to Beiersdoerfer's and Flower's [sic] conduct." *Id.*

9

Donut Joe's is perfectly free to refer to the defendants this way. But, the Amended Complaint describes only an allegation of <u>direct</u> trademark infringement – <u>not</u> contributory trademark infringement. It is "devoid of any mention of holding [Mr. Beiersdoerfer and Mr. Flowers] contributorily – as opposed to directly – liable" for Interveston's alleged infringement. *Optimum Technologies*, 496 F.3d at 1245. To permit Donut Joe's to pursue its case against Mr. Beiersdoerfer and Mr. Flowers would thus require the court "to convert what is plainly a direct trademark infringement claim into one for contributory infringement." *Id.* This is a step the court is "loath to take, and one for which for there appears to be no authority in our circuit." *Id.*; *see also Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1128-29 (10th Cir. 2003) (holding that plaintiff had not adequately alleged contributory infringement under Rule 8 where it had not mentioned the term in its Complaint and only claimed that the defendant had implicitly approved of the infringement); *Ascentive, LLC v. Opinion Corp.*, 842 F. Supp. 2d 450, 470 (E.D.N.Y. 2011) ("Put simply, plaintiffs are unlikely to succeed on any contributory infringement claim against [the defendant] because they do not sufficiently allege, let alone make, such a claim in their complaints.").

### III.  Because the Court Has Already Given Donut Joe's the Opportunity to Correct its Complaint On This Basis, It Will Not Allow Amendment Now.

On December 18, 2013, the court entered a Show Cause Order asking Donut Joe's to explain why it was "pursuing federal trademark infringement claims against individual members of a limited liability company rather than against the company exclusively." Doc. 28 at 1-2. The court added in that Order, "[I]f the plaintiff timely files an Amended Complaint that addresses these problems, the court will consider such Amended Complaint as responsive to this Order." *Id.* at 2. The court thus put Donut Joe's on <u>actual</u> notice of its concerns in this arena. Yet – as described above – the Amended Complaint filed on January 1, 2014, still reflected the very pleading shortcomings that the court had <u>explicitly</u> identified in its Order. Therefore, the court will not once again give Donut Joe's leave to correct its complaint.

## CONCLUSION

For the foregoing reasons, the court will **GRANT** the individual defendants' Motion To Dismiss. All claims of the plaintiff against Werner Beiersdoerfer and Michael Kenneth Flowers are hereby **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this the 24th day of April, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge