# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONUT JOE'S, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-1578-VEH |
| | ) |
| **INTERVESTON FOOD SERVICES,** | ) |
| **LLC d/b/a DONUT CHEF,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This case is now before the court on a motion for attorney's fees ("the Motion") by Interveston Food Services, LLC ("Interveston"). (Doc. 74). Interveston filed the Motion on May 5, 2015, following the court's grant of summary judgment in favor of Interveston as to all claims in this action. *Donut Joe's, Inc. v. Interveston Food Servs., LLC*, No. 2:13-CV-1578-VEH, 2015 WL 1840431 (N.D. Ala. Apr. 22, 2015). In accordance with Federal Rule of Civil Procedure 54(d)(2)(C), which permits the court to "decide issues of liability for fees before receiving submissions on the value of services," the Motion seeks only a determination of Donut Joe's, Inc.'s ("Donut Joe's") <u>liability</u> for attorney's fees and other additional fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)). (Doc. 74 at 1).

Donut Joe's has responded in opposition to the motion. (Doc. 77). Interveston has filed a reply brief. (Doc. 78). Therefore, the matter is now under submission. For the following reasons, the court holds that Donut Joe's is liable for attorney's fees in this case.

## II.   PROCEDURAL HISTORY

Donut Joe's commenced this action by filing a Complaint with this court on August 27, 2013. (Doc. 1). The Complaint alleged federal and state-law claims against Werner Beiersdoerfer; Michael Kenneth Flowers ("Flowers"); Donut Chef; Brock Beiersdoerfer; Heavenly Donut Co.; and Kimberly Beiersdoerfer. Three defendants — Werner Beiersdoerfer, Flowers, and Interveston — answered the Complaint on September 27, 2013. (Doc. 7). Attached to their Answer was a counterclaim charging Donut Joe's with breach of contract and fraud. (*Id.* at 8-17). These three defendants also filed a Motion To Dismiss. (Doc. 8). On that same day, Brock and Kimberly Beiersdoerfer separately filed a Motion To Dismiss. (Doc. 10). On October 11, 2013, Donut Joe's filed the following documents: an Answer to the defendants' counterclaims; responses to the two Motions To Dismiss; and a Motion To Dismiss the counterclaims. (Docs. 11-14).

On December 18, 2013, the court issued a Memorandum Opinion concluding that it lacked supplemental jurisdiction over all of the parties' state-law claims. (Doc.

27). The court accordingly dismissed without prejudice the state-law claims filed by Donut Joe's and the state-law counterclaims filed by Werner Beiersdoerfer, Flowers, and Interveston. (*Id.* at 12).

On the same date, the court entered a Show Cause Order asking Donut Joe's to remedy certain deficiencies in its Complaint. (Doc. 28). The court particularly noted that the Complaint did not formally name Interveston as a party. (*Id.* at 1). It therefore ordered Donut Joe's to either file an amended complaint or to explain:

- why the case should not be dismissed for failure to join a necessary party under Federal Rule of Civil Procedure 19; and

- why Donut Joe's was pursuing federal trademark infringement claims against individual members of a limited liability company rather than against the company exclusively.

(*Id.* at 1-2).

Donut Joe's responded to the order by filing an Amended Complaint on January 1, 2014. (Doc. 29). On January 15, 2014, Donut Joe's asked the court to dismiss Brock Beiersdoerfer from the action. (Doc. 31). The court dismissed Brock Beiersdoerfer as a party on January 17, 2014. (Doc. 35). On January 28, 2014, the court dismissed Heavenly Donut Company as a party for failure to serve process. (Doc. 40). On January 15, 2014, Interveston filed its Answer to the Amended Complaint. (Doc. 32). Werner Beiersdoerfer and Flowers filed a Motion To Dismiss. (Doc. 33). The court granted their motion and dismissed all claims against them on

April 24, 2014. (Doc. 43).

On January 15, 2015, Interveston, the sole remaining defendant, moved for summary judgment. (Doc. 54). On April 22, 2015, the court granted summary judgment in favor of Interveston on all remaining claims and dismissed the case with prejudice. *Donut Joe's, Inc*, 2015 WL 1840431.

## III. APPLICABLE LAW

The Lanham Act allows courts to award reasonable attorney fees to prevailing parties "in exceptional cases." 15 U.S.C. § 1117(a). Historically, the Eleventh Circuit has defined the Act's language of "exceptional case" as "one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (internal citations and quotation marks omitted). However, a 2014 Supreme Court interpreting identical language in the Patent Act has called this definition of into question.

In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the Court interpreted the Patent Act's attorney fee provision, which, identically to the Lanham Act, states, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Court rejected as "unduly rigid" the Federal Circuit's standard, which allowed fees to be awarded against a patent

holder only if either (1) the patent holder committed misconduct during litigation or securing of the patent, or (2) the patent holder brought the litigation in subjective bad faith <u>and</u> the litigation was objectively baseless, i.e, so unreasonable that no reasonable litigant could believe it would succeed. *See Octane Fitness*, 134 S. Ct. 1749, 1754 (2014) (summarizing the Federal Circuit's previous case law). The Court held that this standard was more restrictive than the ordinary meaning of "exceptional," and instead held:

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.* at 1756.

The Third and Fourth Circuits have since held that the standard in *Octane Fitness* also applies to attorney fees awards under the Lanham Act. *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) ("We therefore import *Octane Fitness*'s definition of 'exceptionality' into our interpretation of § 35(a) of the Lanham Act"); *Georgia-Pac. Consumer Products LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015), *as amended* (Apr. 15, 2015) ("[W]e conclude that there is no reason not to apply the *Octane Fitness* standard when considering the award of attorneys fees under § 1117(a)"). The Eleventh Circuit has not yet considered the applicability of

*Octane Fitness* to the Lanham Act, but several decisions from the Middle District of Florida have agreed with the Third and Fourth Circuit that the *Octane Fitness* standard should also govern motions for attorney fees under § 1117(a).[1] These cases have concluded that the Eleventh Circuit's previous definition of "exceptional cases" was more rigid and narrowly focused than the Supreme Court's standard dictated in *Octane Fitness*. *See, e.g., BMW of N. Am. LLC v. Ismail Cuhadar*, Case No. 6:14–cv–40–Orl–37DAB, 2014 WL 5420133, at *5 (M.D.Fla. July 10, 2014) ("[t]he Eleventh Circuit standard of defining exceptional as malicious, fraudulent, deliberate and willful cases . . . appears to be modified by *Octane*").

The Court has not discovered any decisions to the contrary, *i.e.*, holding that *Octane Fitness* does <u>not</u> govern the interpretation of "exceptional cases" as used in the Lanham Act.[2] The court agrees with the other courts that have considered the question that the standard in *Octane Fitness* also applies to the Lanham Act's attorney fees provision. The court finds particularly instructive the following reasoning from the Third Circuit:

---

[1] *BMW of N. Am. LLC v. Ismail Cuhadar*, Case No. 6:14–cv–40–Orl–37DAB, 2014 WL 5420133, at *2–*3 (M.D.Fla. July 10, 2014); *RCI TM Corp. v. R & R Venture Grp.*, LLC, No. 6:13-CV-945-ORL-22, 2015 WL 668715, at *9 (M.D. Fla. Feb. 17, 2015); *High Tech Pet Products, Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co.*, No. 6:14-CV-759-ORL-22TB, 2015 WL 926023, at *1 (M.D. Fla. Mar. 4, 2015).

[2] In its brief, Donut Joe's does not even mention *Octane Fitness*; instead, it assumes the Eleventh Circuit's pre-*Octane Fitness* standard to remain in effect, unaltered. (*See* Doc. 7).

> Not only is § 285 [the Patent Act's provision] identical to § 35(a) [the Lanham Act's provision], but Congress referenced § 285 in passing § 35(a). *See* S.Rep. No. 93–1400, at 2 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7133. . . . Moreover, in its explication of the word "exceptional," the *Octane Fitness* Court . . . noted that the Lanham Act fee provision is "identical" to § 285 of the Patent Act. *Id*. We believe that the Court was sending a clear message that it was defining "exceptional" not just for the fee provision in the Patent Act, but for the fee provision in the Lanham Act as well.

*Fair Wind Sailing, Inc.*, 764 F.3d at 315. Additionally, the court recognizes that the standard in *Octane Fitness* is broader than the previous Eleventh Circuit requirement that a case be "malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." *Tire Kingdom*, 253 F.3d at 1335.

**III.   ANALYSIS**

As grounds for finding this case to be exceptional, Interveston argues that Donut Joe's position "lacked any merit" and that its own position was substantively strong. (Doc. 74 at 9-11). This argument has relevance under the first factor of *Octane Fitness*, where the court is to consider the substantive strength of a party's litigating position, taking into account both the governing law and the facts of the case. *Octane Fitness*, 134 S.Ct. at 1756. In granting summary judgment against Donut Joe's, the court found that Donut Joe's failed to raise questions of material fact on each of the first two elements of a trademark infringement action: the possession of a protectable mark and a likelihood of consumer confusion. *Donut Joe's, Inc.*, 2015 WL 1840431

at *7, *9.

As a comparison, Interveston cites a case from the Southern District of N.Y., *Cross Commerce Media, Inc. v. Collective, Inc.*, No. 13-CV-2754 KBF, 2014 WL 7323419 (S.D.N.Y. Dec. 16, 2014). In that case, the court awarded attorney fees to the prevailing party on the grounds that the losing party lacked a protectable mark "and never made any real effort to demonstrate otherwise." *Id*. at *3. Specifically, the court found that the losing party "failed to put forward any real evidence showing that its mark was more than merely descriptive: it failed to submit any marketing materials, survey research, or even an affidavit supporting suggestiveness." *Id.* at *1.

*Cross Commerce* is indeed similar to the present case, where, as discussed in the court's memorandum opinion accompanying summary judgment, Donut Joe's offered extremely weak arguments to establish that its marks were protectable. Even after Interveston moved for summary judgment on the ground that Donut Joe's marks were descriptive and lacked secondary meaning (and were therefore not protectable), Donut Joe's made no attempt either to argue that its marks fell into another category (namely, suggestive or arbitrary) or to present <u>any</u> evidence that its mark possessed secondary meaning.[3] (*See* Doc. 66 at 18-19). Instead, it relied on the argument that the

---

[3] Indeed, Donut Joe's mentioned Interveston's argument that Donut Joe's marks lacked secondary meaning and explicitly declined to address it, saying "analysis of this argument is unnecessary." (Doc. 66 at 19).

mere fact of registration by the Patent and Trademark Office gave its marks a "presumption of validity" raising "a factual issue that must be determined by the trier of fact." (*Id.* at 17). This argument that registration automatically precludes summary judgment lacks any legal support, has been rejected explicitly by at least five other circuits, and is in tension with precedent in this circuit. *See Donut Joe's, Inc.*, 2015 WL 1840431 at *7 (summarizing Eleventh Circuit precedent on Donut Joe's argument). Under these circumstances, the case does indeed qualify as "exceptional" under the *Octane Fitness* standard.

The parties' positions on the second element of Donut Joe's claim reinforce this conclusion. On that issue — the likelihood of consumer confusion — Donut Joe's made out a slightly stronger case, but its position was still substantially weaker than Interveston's on the issue. The court found that the two factors most important to the consumer confusion test weighed heavily against Donut Joe's. As to strength of the marks, Donut Joe's marks were quite weak due to their nature as descriptive marks lacking secondary meaning, as well as widespread third-party use of the elements of Dunut Joe's marks. *See Donut Joe's, Inc.*, 2015 WL 1840431 at *9. As to evidence of actual consumer confusion, Donut Joe's only presented evidence of, at most, five instances of consumer confusion over a three year period. *Id*. Two of the remaining (and less important) factors weighed slightly in Donut Joe's favor, but, taken as a

whole, the factors did not come close to presenting a question of material fact on the likelihood of consumer confusion. *Id*.

In its response to the pending Motion, Donut Joe's argues against attorney fees liability only under the previous Eleventh Circuit standard, and gives no argument under the standard laid out in *Octane Fitness*. (*See* Doc. 77 at 5, stating "the current standard in the Eleventh Circuit applicable to the Lanham Act's award of attorneys fees is laid down in *Tire Kingdom*"). Unfortunately for Donut Joe's, a successful defense under the *Tire Kingdom* test only shows that the case was not malicious, fraudulent, deliberate and willful, and that no evidence of fraud or bad faith exists. 253 F.3d at 1335 ("'an exceptional case' is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists") (internal citations and quotation marks omitted). This does not relate to the first factor of *Octane Fitness* — the strength of the party's litigating positions — and so Donut Joe's has not provided any arguments that address that factor

## IV.   CONCLUSION

For all of the forgoing reasons, the court finds that this case is "exceptional" under the Lanham Act, and that the Motion is therefore due to be **GRANTED**. The court furthermore **ORDERS** Interveston to submit evidence on the fees incurred and the value and reasonableness of its services within fourteen (14) days of entry of this

order. Donut Joe's will then have seven (7) days to file any opposition to Interveston's evidence.

**DONE** and **ORDERED** this 7th day of July, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge