FILED
2015 Sep-23 PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DONUT JOE'S, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:13-CV-1578-VEH |
| | ) |
| **INTERVESTON FOOD SERVICES,** | ) |
| **LLC d/b/a DONUT CHEF,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Donut Joe's, Inc.'s ("Donut Joe's") Motion to Extend Time for Notice of Appeal.[1] (Doc. 84). Invoking Appellate Rule 4(a)(4)(A)(iii), Donut Joe's requests a delay of the running of the 30 day period during which a

---

[1] So denominated on the motion, but that title would be more closely associated with a motion under Appellate Rule 4(a)(5). It appears that it is uncertain exactly how to *accurately* describe the operation of Appellate Rule 4(a)(4), since it neither extends the period during which a notice of appeal may be filed—that is the job of Appellate Rule 4(a)(5)—nor does it toll the filing period. *See* 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, AND CATHERINE T. STRUVE, FEDERAL PRACTICE & PROCEDURE § 3950.4, at 319–20 n. 2 (4th ed. 2008) ("When a statute of limitations is tolled and then re-starts, the lawsuit typically must be commenced within the *remaining portion* of the limitations period.") (emphasis in original). An Appellate Rule 4(a)(4) motion, in contrast, *delays* the start of the filing period. *Ray Haluch Gravel Co. v. Central Pension Fund Intern. Union of Operating Engineers and Participating Employers*, 134 S.Ct. 773, 781 (2014). Nonetheless, a motion under 4(a)(4) is often referred to as a tolling motion. *See, e.g., Heck v. Triche*, 775 F.3d 265, 275 (5th Cir. 2014); *Hudson v. Pittsylvania County, Va.*, 774 F.3d 231, 235 (4th Cir. 2014); *Weatherly v. Ala.State Univ.*, 728 F.3d 1263, 1272 (11th Cir. 2013). For convenience, this court will as well. *Cf.* 16A WRIGHT & MILLER, ET AL., at 320 n. 2 ("[T]his volume uses [tolling motion] for convenience.").

notice of appeal for the merits of this action must be filed until after judgment is reached on Interveston Food Services, LLC d/b/a Donut Chef's ("Interveston") request for attorney's fees. Interveston has opposed the pending motion. (Doc. 88). Donut Joe's has replied. (Doc. 91). Accordingly, the motion is under submission. For the reasons set out below, the motion is **DENIED** as untimely.

**I. Procedural History**

Donut Joe's filed the complaint in this action on August 27, 2013. (Doc 1). On January 15, 2014, Interveston moved for summary judgment, doc. 54, and the court granted the motion on April 22, 2015. (Doc. 72). Interveston timely moved for the assessment of attorney fees against Donut Joe's on May 5, 2015. (Doc. 73). The court granted the motion on July 7, 2015. (Doc. 80). On July 10, 2015, Donut Joe's entered a Motion to Extend Time for Notice of Appeal. (Doc. 81). The court denied Donut Joe's July 10 motion for failing to comply with the Uniform Initial Order's requirement that a motion state whether it is opposed or unopposed. (Doc. 82). A second Motion to Extend Time for Notice of Appeal was filed on July 14, 2015. (Doc 84). By that time, eighty-three days had elapsed since the entry of final judgment in the case.

**II. Discussion**

Normally, a party who wishes to appeal a district court's final judgment must file a notice of appeal with the clerk of the district court from which the judgment originated within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The clock begins to run later for final judgments that are immediately followed by one (or more) of six kinds of post-judgment motions; a party must then file his notice of appeal within thirty days of the disposition of the post-judgment motion(s). FED. R. APP. P. 4(a)(4)(A). The time to file a notice of appeal is automatically tolled when any of these motions, except a motion for attorney's fees, is filed. *Id. Accord Hudson v. Pittsylvania County, Va.*, 774 F.3d 231, 235 (4th Cir. 2014) (explaining that Appellate Rule 4(a)(4)(A)(iii) is not mandatory); *Gibbs v. Maxwell House*, *Div. of Gen. Foods Corp.*, 701 F.2d 145, 146 (11th Cir. 1983) (describing 4(a)(4), prior to the addition of 4(a)(4)(A)(iii), as mandatory). Tolling under Appellate Rule 4(a)(4)(A)(iii), the variety that Donut Joe's requested, is discretionary. *Hudson*, 774 F.3d at 236 (citing 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, AND CATHERINE T. STRUVE, FEDERAL PRACTICE AND PROCEDURE § 3950.4 (4th ed. 2008)).

Appellate Rule 4(a)(4)(A)(iii) does not do the work on its own. The tolling process at issue here is the result of that rule's interaction with several Rules of Civil Procedure (54, 58, and 59). Since four Rules are involved, it will be

3

important to clarify the name of the order that Donut Joe's seeks. The Second Circuit simply calls it a 58/54/59 order. *Mendes Junior Intern. Co. v. Banco de Brasil, S.A.*, 215 F.3d 306, 313 (2d Cir. 2000). 58/54/59 was popular in some of the early cases, but this opinion will use "58(e) motion" or "58(e) order," as appropriate. Appellate Rule 4(a)(4)(A)(iii) provides that the running of the time to file a notice of appeal only begins "after the entry of the order disposing of the last such remaining motion: (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." Civil Rule 54(d)(2) allows a court to grant attorney's fees. Civil Rule 58(e) provides that "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Rule 59 provides for motions for new trial and motions to alter or amend a judgment. FED. R. CIV. P. 59 (b) & (e). The upshot is that a district judge can delay the running of the time to file an appeal of a final judgment while a motion for attorney's fees is pending.

 Nettlesomely, neither the Rules of Appellate Procedure nor the Rules of Civil Procedure provide a time period during which a 58(e) motion must be filed, except to say that it must be filed before the notice of appeal becomes effective.

FED. R. CIV. P. 58(e). Given that the whole purpose of 58(e) is to delay the coming of the day on which a notice of appeal must be filed, this is not particularly helpful. Further, it does not appear that the Eleventh Circuit has resolved (or even considered) the issue. In the absence of any deadline to be found in the Rules and any guidance from the Court of Appeals, it may be the case that the Rules mean exactly what they do not say: there is no deadline, and a party can file a Rule 58(e) motion any time after judgment on the merits is reached and before thirty days have elapsed after judgment is entered on attorney fees.[2]

Three of the four Courts of Appeals to consider the issue[3] have rejected such a reading of the Rules. The Second, Fifth, and Seventh Circuits have concluded that a 58(e) motion will only be effective if it is filed during the period in which filing a notice of appeal would otherwise be permissible. *See Robinson v. City of Harvey*, 489 F.3d 864, 868 (7th Cir. 2007); *Burnley v. City of San Antonio*, 470 F.3d 189, 199 (5th Cir. 2006); *Mendes Junior Intern. Co. v. Banco do Brasil, S.A.*,

---

[2] Clearly the music must stop at some point. Even if a 58(e) motion were granted, Appellate Rule 4(a)(4)(A)(iii) only impedes the running of the clock until a judgment is issued on the motion for attorney fees. At that point, Appellate Rule 4(a)(1)(A) would take over, and the aggrieved party would have thirty days to appeal.

[3] The Sixth Circuit is the other Court of Appeals to confront the issue of timeliness of a 58(e) motion (then, 58(c)(2)), and they disposed of the case on the ground that the motion was filed after a notice of appeal had been entered, thereby running afoul of 58(e)'s only explicit timing requirement. *Wikol ex rel. Wikol v. Birmingham Public Schools Bd. of Educ.*, 360 F.3d 604, 610 (6th Cir. 2004).

215 F.3d 306, 315 (2d Cir. 2000). For most cases, this would be thirty days. *See* FED. R. APP. P. 4(a)(1)(A).

The Second Circuit, in *Mendes Junior*, the first Court of Appeals to address the issue, reasoned that three principles support restricting time for filing a 58(e) motion to the period when a party could normally file a notice of appeal. First, "by stating that any Rule 58/54/59 order must be entered '*before* a notice of appeal . . . has become effective' (emphasis added), [the drafters] meant that such an order may be entered only while there exists the possibility [...] that a notice of appeal from judgment *could* become effective." 215 F.3d at 313 (emphasis added) (alterations added). If a notice of appeal—which *must* come after the 58(e) motion—cannot become effective, "temporal prioritization is meaningless." *Id.* Second, the drafters wrote Rule 58(e) to enhance judicial efficiency by allowing the judgments on the merits and costs to be bundled together before appeal, but this goal would be undermined if 58(e) could be used to "resuscitate an expired right to appeal." *Id.* at 313–14. Third, allowing for an indeterminate period to file[4] would "subvert the certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts." *Id.* at 314. (internal

---

[4] *Cf. Pierce v. Visteon Corp.*, 791 F.3d 782, 785 (7th Cir. 2015) ("[T]he losing side could wait forever, if that is how long it took a district court to enter a Rule 58 judgment.").

quotation omitted).

The reasoning in *Mendes Junior* is persuasive, and it has been adopted by two other Courts of Appeal. *See Robinson*, 498 F.3d at 868; *Burnley*, 470 F.3d at 199. As stated there, if "the drafters meant that a rule 58/54/59 order itself would have the effect of reviving an already expired right to appeal, we surely would have expected Rule 58 or FRAP Rule 4(a) to state that with some clarity." *Id.* at 313. This court is satisfied of the soundness of the Second Circuit's approach and agrees that a 58(e) motion must be filed within the time period prescribed by Appellate Rule 4(a)(1).

Here, Donut Joe's submitted its 58(e) motion eighty-three days after the entry of final judgment. A notice of appeal could only have been submitted within thirty days of the entry of judgment, FED. R. APP. P. 4(a)(1)(A), and so a 58(e) motion is subject to the same time restriction. Since Donut Joe's motion falls well outside of the permissible filing period, the motion is **DENIED**.

**DONE** and **ORDERED** this 23rd day of September, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge